State, ex rel., McElroy, Attorney General, Relator-Appellee, v. Cleveland Electric Illuminating Co., Respondent-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25623. Decided August 9, 1962.

*Mr. Mark McElroy*, attorney general, *Mr. Herbert T. Maher* and *Mr. Andrew R. Sarisky*, assistant attorneys general, for relators-appellee.

*Mr. Lee C. Howley*, vice president and general counsel, *Mr. Harry G. Fitzgerald, Jr., Messrs. Squire, Sanders & Dempsey, Mr. John Lansdale, Jr., Mr. George I. Meisel* and *Mr. Alan P. Buchmann*, for respondent-appellant.

*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky & Stern, Mr. Robert B. Krupansky* and *Mr. Howard M. Metzenbaum*, for Shopping Centers Association of Northern Ohio, Amicus Curiae.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second District, sitting by designation in the Eighth District.)

*By the Court*: This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County in an action instituted by the State of Ohio pursuant to Sec. 4905.60, Revised Code, to enforce compliance with an order of the Public Utilities Commission.

Section 4905.60, Revised Code, provides:

"Whenever the public utilities commission is of the opinion that any public utility or railroad has failed or is about to fail to obey any order made with respect to it, or is permitting anything or about to permit anything contrary to or in violation of law, or of an order of the commission, authorized under Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925., Revised Code, the attorney general, upon the request of the commission, shall commence and prosecute such action, or proceeding in mandamus, by injunction, or by other appropriate civil remedies in the name of the state, as is directed by the commission against such public utility or railroad, alleging the violation complained of and praying for proper relief. In such case the court may make such order as is proper in the premises."

The order sought to be enforced permitted the Shopping

Centers Association of Ohio, an intervening party in a proceeding before the Commission, to take the deposition of an officer of the respondent company. The witness, however, refused to appear and testify by way of deposition, and as a result thereof, this action was commenced.

On April 11, 1961, the trial court entered judgment finding that the order of the Public Utilities Commission of Ohio is an enforceable order, and that the respondent, in failing to produce its vice-president for deposition, is in violation of said order.

Thereafter, the respondent requested and was granted a stay of the judgment entered herein pending a determination of its appeal of this cause to the Court of Appeals or a determination of an action instituted by the respondent company in the Supreme Court of Ohio seeking an order to prohibit the proceedings before the Public Utilities Commission of Ohio, out of which the order arose that is the subject of the present action.

Thereafter, in separate actions before the Supreme Court of Ohio, the respondent company (1) sought a writ of mandamus to compel the Public Utilities Commission to accept for filing the company's regulation tendered in the proceeding pending before the commission and to fix the effective date thereof; and (2) sought a writ of prohibition to prohibit the commission from ordering the deposition of the company witness and from proceeding with any hearing as to the reasonableness of the regulation filed by the company.

In a decision announced on June 27, 1962, the Supreme Court dismissed both actions stating as follows:

"Jurisdiction over matters pertaining to utility rates is, by statute, specifically reposed in the Public Utilities Commission. It is the opinion of the majority of the court that the commission should be allowed, in the first instance, to determine its own jurisdiction and questions of fact arising thereunder. The rights of all interested parties are amply protected by the remedy of appeal from an adverse ruling of the commission." 173 Ohio St., 450.

The Supreme Court of Ohio has thus resolved the basic jurisdictional question which is likewise the underlying issue in the present action. In effect, that court has refused to prohibit what the trial court here has allowed.

Since the Public Utilities Commission has jurisdiction of the proceeding, we agree with the trial court's conclusion that the interlocutory order made by the commission under the authority of Section 4903.06, Revised Code, is enforceable. The judgment will be affirmed.

Judgment affirmed. Exceptions. Order see journal.

CRAWFORD, P. J., KERNS and SHERER, JJ., concur.